CLERK'S OFFICE U.S. DIST COURT
AT CHARLOTTESVILLE, VA
FILED
FEB 0 6 2009
JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION

| | |
|---|---|
| HEATHER JENNINGS, *Administrator of the Estate of Misty Jennings, Deceased,*<br>　　　　　　　　　　　　　　*Plaintiff,*<br><br>v.<br><br>H. LEE HART, ET AL,<br>　　　　　　　　　　　　　　*Defendants.* | CIVIL NO. 3:08CV00028<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

　　　This matter is before the Court on Defendant J.C. Johnson's Motion to Dismiss (docket no. 33) pursuant to Federal Rules of Civil Procedure 4(m), 12(b)(4), and 12(b)(5). In a separate Order to follow, I will deny Johnson's Motion to Dismiss the claims against him and exercise my discretion under Rule 4(m) to grant Plaintiff additional time to properly serve Johnson. I will further order that the Defendants disclose the name, residential address, and telephone number of Johnson in their Rule 26(a) initial disclosures.

## I. BACKGROUND

　　　This action is one brought by the Administrator of the Estate of Misty Jennings against Sheriff Lee Hart and several other current or former officers in the Culpeper County Sheriff's Department, including Johnson, under 42 U.S.C. § 1983 and the Virginia Wrongful Death Act for the alleged wrongful denial of medical care to Misty Jennings ("Jennings") while she was an inmate in the Culpeper County Jail in the fall of 2006. Johnson was a deputy sheriff assigned to the Culpeper County Jail at the time Jennings was an inmate, and Plaintiff alleges that Johnson was also a medic responsible for providing Jennings with medical care.

　　　On September 17, 2008, Plaintiff attempted to serve Johnson with a summons and copy of the Complaint at the Prince William County Police Department, where it was believed

Johnson was employed. The return of service indicated that the summons was accepted by an officer in the department. In an affidavit attached to the instant Motion, however, Johnson claims that he "was not employed at the Prince William County Police Department on September 17, 2008" and has "never been employed there." In its Memorandum in Opposition, Plaintiff concedes that service was never properly accomplished on Johnson and requests that the Court order that Johnson be served within thirty days after the disclosure of his name, address, and telephone number in the Defendants' forthcoming Rule 26(a) disclosures.

## II. DISCUSSION

Under Rule 4(e) of the Federal Rules of Civil Procedure, service may be properly accomplished by delivering a copy of the summons and the complaint to the individual personally, leaving a copy at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, delivering a copy to an agent authorized by appointment or by law to receive service of process, or by any manner that complies with the law of the state where the district court is located or where service is made. Fed. R. Civ. P. 4(e). In addition to the traditional method of personal service, Virginia law provides for several alternative methods of serving a summons and complaint, including substituted service, posted service, and service by publication. *See* Va. Code Ann. § 8.01-296 (2009).

Plaintiff attempted to serve Johnson by leaving a copy of the summons and the Complaint with an officer at the Prince William County Police Department, where Plaintiff believed Johnson was employed. Plaintiff concedes that this method of attempted service does not satisfy any of the requirements set forth in Rule 4(e) or Virginia law. Even if Johnson were actually employed at the Prince William County Police Department, leaving a copy of the summons and the Complaint with an individual's co-worker is an insufficient means of effecting service.

2

When a plaintiff fails to properly serve an individual within the required 120 days after a complaint is filed, a court *must* extend the time for service for an appropriate period if the plaintiff shows good cause for the failure. Fed. R. Civ. P. 4(m). If good cause is not shown, a court has the option of dismissing the action without prejudice or ordering that service be made within a specified time. *Id.* In this case, Plaintiff has failed to meet its burden of establishing good cause for its failure to serve Johnson within the required 120 days. Regardless, this Court may still exercise its discretion to grant an extension of time for service. *See San Giacomo-Tano v. Levine*, 1999 U.S. App. LEXIS 26997, 4 (4th Cir. 1999) (citing *Henderson v. United States*, 517 U.S. 654, 663 (1996)). *See also* Advisory Committee Notes on Fed. R. Civ. P. 4 (a court must "allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and [the rule] authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown."). Because it appears that granting Johnson's Motion to Dismiss Plaintiff's claims against him without prejudice could potentially bar at least one of Plaintiff's claims under the statute of limitations, I will exercise my discretion to permit Plaintiff additional time to serve Johnson. *See* Advisory Committee Notes on Fed. R. Civ. P. 4 (relief from the 120-day service requirement "may be justified, for example, if the applicable statute of limitations would bar the refiled action.").

As explained above, Plaintiff has requested that the Court order the Defendants to disclose the legal name, residential address, and telephone number of Johnson in their Rule 26(a) disclosures. Rule 26(a) requires the automatic initial disclosure of four categories of information, including the names, and, if known, the addresses and telephone numbers of witnesses likely to have discoverable information that the disclosing party may use to support its claims or defenses. Fed. R. Civ. P. 26(a). Although Rule 26(a) refers to information concerning witnesses, a court is

3

not prohibited from requiring the disclosure of additional information. *See* Advisory Committee Notes on 1993 Amendments to Fed. R. Civ. P. 4 ("The enumeration in Rule 26(a) of items to be disclosed does not prevent a court from requiring by order that the parties disclose additional information without a discovery request."); FEDERAL PRACTICE AND PROCEDURE, CIVIL RULES (2007) (noting that "[a]dditional disclosures may be required by directive."). Accordingly, it is within this Court's discretion to require the Defendants to disclose the requested information about Johnson. So that Plaintiff may accomplish proper service on Johnson in a timely fashion, I will require the Defendants to disclose the name, residential address, and telephone number of Johnson in their Rule 26(a) initial disclosures, which are due by February 9, 2009 under the terms of the Pretrial Order (docket no. 32). I will provide Plaintiff with an additional twenty days to accomplish service on Johnson, with the twenty days beginning to run as of the date that Plaintiff receives this specific disclosure. These requirements will be set forth in a separate Order to follow.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion and the accompanying Order to all counsel of record.

Entered this \_\_\_\_ day of February, 2009.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

4

Case 3:08-cv-00028-NKM-BWC   Document 53   Filed 02/06/09   Page 4 of 4   Pageid#: 220